THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
E. MARTIN ESTRADA (Cal. SBN: 223802)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3358
    Facsimile: (213) 894-0141
    E-mail: Martin.Estrada@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 07-1362 |
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>JOSE BONILLA</u> |
| v. | ) |
| JUAN CARLOS FUENTES, JOSE BONILLA, and JUAN MERCADO, | ) |
| Defendants. | ) |

    1.  This constitutes the plea agreement between JOSE BONILLA ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

<u>PLEA</u>

    2.  Defendant agrees to plead guilty to count three in the indictment in <u>United States v. Juan Carlos Fuentes, et al.</u>, CR No. 07-1362.

## NATURE OF THE OFFENSES

3. In order for defendant to be guilty of count three of the indictment, which charges a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii), the following must be true:

(1) Defendant knowingly delivered methamphetamine; and

(2) Defendant knew that it was methamphetamine or some other prohibited drug.

Defendant admits that defendant is, in fact, guilty of this offense as described in count three of the indictment.

Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below for count three of the indictment, the government must prove beyond a reasonable doubt that defendant possessed with the intent to distribute and to distribute at least 5 grams of methamphetamine as alleged in the indictment. Defendant admits that defendant, in fact, did possess with the intent to distribute and to distribute at least 5 grams of methamphetamine, namely, approximately 12.9 grams of methamphetamine, as described in count three of the indictment.

## PENALTIES

5. The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii), as alleged in count three of the indictment is: 40 years' imprisonment; a lifetime period of supervised release; a fine of $2,000,000; and a mandatory special assessment of $100.

6. The statutory mandatory minimum sentence that the Court

must impose for a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii), as alleged in count three of the indictment, is a term of 5 years' imprisonment and a four-year period of supervised release.

7. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10. Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act and will not be eligible for federal food stamp program benefits; furthermore, any such

3

benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

## FACTUAL BASIS

11. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support a plea of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 15 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

On or about March 2, 2006, in Los Angeles County, defendant and co-defendant Juan Carlos Fuentes knowingly distributed 5 grams or more, that is, approximately 12.9 grams, of methamphetamine, to an individual defendant and co-defendant Fuentes believed was a prospective methamphetamine buyer, but who, unbeknownst to defendant and co-defendant Fuentes, was a confidential informant ("CI-1") for the Federal Bureau of Investigation.

Specifically, on or about March 1, 2006, co-defendant Fuentes negotiated for the sale of the approximately two ounces of methamphetamine with CI-1. Thereafter, on or about March 2, 2006, defendant knowingly and intentionally delivered the approximately two ounces of methamphetamine to CI-1 on behalf of co-defendant Fuentes. Defendant delivered the approximately two ounces of methamphetamine to CI-1 in exchange for $1,300 in cash. Defendant knew that the substance that he delivered to CI-1 was methamphetamine.

1  The approximately two ounces of methamphetamine delivered by
2  defendant to CI-1 on or about March 2, 2006 was later tested in a
3  DEA laboratory and found to contain 5 grams or more, that is,
4  approximately 12.9 grams, of methamphetamine.

## WAIVER OF CONSTITUTIONAL RIGHTS

12.  By pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e) The right to confront and cross-examine witnesses against defendant.

   f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

   g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

5

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF DNA TESTING

13. Defendant has been advised that the government has in its possession items of physical evidence that could be subjected to DNA testing. Defendant understands that the government does not intend to conduct DNA testing of any of these items. Defendant understands that, before entering guilty pleas pursuant to this agreement, defendant could request DNA testing of evidence in this case. Defendant further understands that, with respect to the offenses to which defendant is pleading guilty pursuant to this agreement, defendant would have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding defendant's right to request DNA testing, defendant voluntarily gives up that right with respect to all items of evidence there may be in this case that might be amenable to DNA testing. Defendant understands and acknowledges that by giving up this right, defendant is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. Defendant further understands and acknowledges that by giving up this right, defendant will never have another opportunity to have the evidence in this case submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the

1 offenses to which defendant is pleading guilty.

## SENTENCING FACTORS

2 14. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

15. Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

Base Offense Level: 26  [U.S.S.G. § 2D1.1(c)(7) (at least 5 G but less than 20 G of Methamphetamine (actual))]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments and departures are appropriate. Defendant also understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.

16. There is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), reserve the right to argue for a sentence outside the

7

sentencing range established by the Sentencing Guidelines.

18. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 16 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

19. Defendant agrees that he will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (I) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay

1 and submits a completed financial statement (form OBD-500) to the
2 USAO prior to sentencing.

### THE USAO'S OBLIGATIONS

20. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

   a) To abide by all sentencing stipulations contained in this agreement.

   b) At the time of sentencing to move to dismiss the remaining count of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed count in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

   c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

   d) To recommend that defendant be sentenced to a term of imprisonment at the low end of the applicable Sentencing Guidelines imprisonment range provided that the total offense level as calculated by the Court is 23 or higher and provided that the Court does not depart downward in offense level or

1 criminal history category. For purposes of this agreement, the
2 low end of the Sentencing Guidelines imprisonment range is that
3 defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## BREACH OF AGREEMENT

21. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

22. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

    b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c) Defendant agrees that: (I) any statements made by

defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

<u>LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

23. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 23, and the applicable criminal history category as determined by the Court. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the Court's determination of defendant's criminal history category and the conditions of supervised release imposed by the Court, with the exception of the following: standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

24. The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory minimum

and maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 23, and the applicable criminal history category as determined by the Court.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## COURT NOT A PARTY

26. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence

defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

///
///
///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_____     January 17, 2008
E. MARTIN ESTRADA                 Date
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____     1-10-08
JOSE BONILLA                      Date
Defendant

14

I am JOSE BONILLA's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_/s/_  
JEFF PRICE, Esq.  
Counsel for Defendant  
JOSE BONILLA

1/15/08  
Date