1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   E. MARTIN ESTRADA (Cal. SBN: 223802)
4  Assistant United States Attorney
   Violent & Organized Crime Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-3358
7       Facsimile: (213) 894-3713
        E-mail: Martin.Estrada@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10
                   UNITED STATES DISTRICT COURT
11
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
12
                          WESTERN DIVISION
13

14 UNITED STATES OF AMERICA,    )   Case No. CR 07-1362-GPS
                                )
15          Plaintiff,          )   GOVERNMENT'S SENTENCING
                                )   POSITION FOR DEFENDANT JULIO
16          v.                  )   PRECIADO
                                )
17 JUAN CARLOS FUENTES,         )   Hearing Date: July 14, 2008
   JOSE BONILLA, and            )   Time: 10:00 a.m
18 JUAN MERCADO,                )   Place: Courtroom of the Hon.
                                )          George P. Schiavelli
19          Defendants.         )
                                )
20                              )
                                )
21

22
        Plaintiff United States of America, by and through its
23
   counsel of record, Assistant United States Attorney E. Martin
24
   Estrada, hereby files its sentencing position for defendant Jose
25
   Bonilla.
26

27

28

The government agrees with the recommendation set forth in the Pre-Sentence Report ("PSR"). Consistent with the PSR, the government recommends that defendant be sentenced to a total of 70 months imprisonment for count three of the indictment. The government agrees with the PSR that defendant's sentence should also include 5 years supervised release, a mandatory special assessment of $100, and a condition that defendant not associate with gang members.

DATED: June 18, 2008            Respectfully submitted,

                                THOMAS P. O'BRIEN
                                United States Attorney

                                CHRISTINE C. EWELL
                                Assistant United States Attorney
                                Chief, Criminal Division


                                        /S/
                                E. MARTIN ESTRADA
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On March 14, 2008, defendant Jose Bonilla ("defendant") pled guilty to count three of the indictment, distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii).  In his plea agreement with the government, defendant admitted to having distributed at least 5 grams of methamphetamine, namely, approximately 12.9 grams of methamphetamine, as described in count three of the indictment. See Plea Agreement ¶ 11.

On June 3, 2008, the United States Probation Office ("USPO") disclosed to the government its Presentence Report ("PSR") in this matter.  The USPO determined that defendant's total offense level under the advisory Sentencing Guidelines for count three is 23, and that defendant's criminal history category is category IV.  See PSR ¶¶ 33, 51-52.  Based on these calculations, the PSR recommends a sentence of 70 months imprisonment, 5 years supervised release, and a mandatory special assessment of $100. The PSR also recommends that defendant be ordered to not associate with members of the Mara Salvatrucha-13 ("MS-13") street gang during the period of his supervised release.

The government agrees with the facts and recommendation set forth in the PSR.  The government believes that a 70 month term of incarceration is reasonable under 18 U.S.C. § 3553(a), and that defendant's sentence should also include 5 years supervised release, and a mandatory special assessment of $100.  The government further believes that defendant should be ordered to not associate with members of the MS-13 street gang during the

period of his supervised release.

## II. **FACTS**

The indictment charges defendant with count one, conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii), and count three, distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii).  Defendant pled guilty to count three.

In his plea agreement with the government, defendant admitted that, on March 2, 2006, he distributed approximately 12.9 grams of methamphetamine.  Specifically, on March 1, 2006, co-defendant Juan Carlos Fuentes, a known MS-13 gang member, negotiated for the sale of the approximately two ounces of methamphetamine with an individual who was believed to be a methamphetamine customer, but who, unbeknownst to defendant and co-defendant Fuentes, was a confidential informant ("CI") working for the FBI.  Thereafter, on or about March 2, 2006, defendant knowingly and intentionally delivered the approximately two ounces of methamphetamine to the CI on behalf of co-defendant Fuentes.  Defendant delivered the approximately two ounces of methamphetamine to the CI in exchange for $1,300 in cash.  At the time that defendant made the delivery, defendant knew that the substance that he delivered to the CI was methamphetamine.  Plea Agreement ¶ 11.

The approximately two ounces of methamphetamine delivered by defendant to the CI on March 2, 2006 was later analyzed at the DEA Southwest Laboratory.  The DEA Southwest Laboratory found that the methamphetamine that defendant had delivered on March 2, 2006 contained 5 grams or more, that is, approximately 12.9

grams, of actual methamphetamine.  Id.

III. **THE GOVERNMENT'S SENTENCING RECOMMENDATION**

The USPO determined that defendant's total offense level under the advisory Sentencing Guidelines for count three is 23, and that defendant's criminal history category is category IV. See PSR ¶¶ 33, 51-52.  Based on these calculations, the PSR recommends a sentence of 70 months imprisonment, 5 years supervised release, and a mandatory special assessment of $200. The PSR also recommends that defendant be ordered to not associate with members of the MS-13 street gang during the period of his supervised release.

The government agrees with the USPO's recommendation.  Based on defendant's admitted distribution of approximately 12.9 grams of actual methamphetamine, defendant's base offense level under the advisory Sentencing Guidelines is 26.  See U.S.S.G. § 2D1.1(c)(7) (at least 5 G but less than 20 G of Methamphetamine (actual)).  The parties have stipulated to an offense level of 26.  Plea Agreement ¶ 15.  Because he did not go to trial and accepted responsibility for his unlawful conduct, defendant is eligible for a 3-level reduction under U.S.S.G. § 3E1.1. Therefore, defendant's total offense level is 23.  Coupled with defendant's criminal history category of IV, defendant's Sentencing Guideline range is 70-87 months.  The government recommends a term of imprisonment at the low end of the applicable Sentencing Guidelines imprisonment range: 70 months.[1]

The government believes that the recommended 70-month

---

[1] It should also be noted that, under count three, defendant is subject to a statutory mandatory minimum sentence of five years imprisonment.  See 21 U.S.C. § 841(b)(1)(B)(viii).

3

sentence is reasonable in light of the factors the Court must consider under 18 U.S.C. § 3553(a). Specifically, such a sentence justly reflects the seriousness of defendant's crime of illegally distributing methamphetamine, the nature of all the offense conduct charged in the indictment, including the conspiracy, and defendant's significant criminal history. See PSR ¶ 35-52. Thus, the recommended sentence would serve to promote respect for the criminal laws, deter defendant and others from distributing narcotics, and would serve to protect the public from future crimes by this defendant.

The government also agrees with the USPO's recommendation that defendant be ordered to not associate with members of the MS-13 street gang during the period of his supervised release. Defendant has admitted to prior affiliation with the MS-13 street gang, and his co-defendants are MS-13 members. Further, defendant has previously been convicted of violating an injunction to not associate with street gangs – on February 18, 2005, defendant was convicted of contempt of court for disobeying a gang injunction. See PSR ¶ 46. Accordingly, the condition that defendant not associate with members of the MS-13 street gang during the period of his supervised release is warranted.

///
///
///

**IV.   <u>CONCLUSION</u>**

Accordingly, the government respectfully recommends that the Court impose a sentence of 70 months incarceration, 5 years supervised release, and a mandatory special assessment of $100. The government further recommends that defendant be ordered to not associate with members of the MS-13 street gang during the period of his supervised release.

DATED: June 18, 2008              Respectfully submitted,

                                                   THOMAS P. O'BRIEN
                                                 United States Attorney

                                                 CHRISTINE C. EWELL
                                                 Assistant United States Attorney
                                                 Chief, Criminal Division

                                                 _____/S/_____
                                                 E. MARTIN ESTRADA
                                                 Assistant United States Attorney

                                                 Attorneys for Plaintiff
                                                 United States of America